UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAROL A. HUNTER, Individually and as the Estate Trustee of the Estate of WALTER J. HUNTER, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:07-cv-1062-SEB-TAB |
| BIG ROCK TRANSPORTATION, INC., | ) ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR TRANSFER OF VENUE**

This cause is before the Court on Defendant, Big Rock Transportation, Inc.'s ("Big Rock") Motion to Transfer Venue [Docket No. 27], filed January 11, 2008, pursuant to 28 U.S.C. § 1404(a).  Big Rock requests that this court transfer this action to the United States District Court for the District of Wyoming, or, in the alternative, to the Northern District of Indiana, for the convenience of the parties, the witnesses, and in the interest of justice.  Plaintiff, Carol A. Hunter, who has brought this suit individually and as the Estate Trustee of the Estate of Walter J. Hunter, argues that Big Rock has failed to meet its burden to establish that the possible transferee forums are clearly more convenient and further that, because of its centralized location, the Southern District of Indiana is more convenient for the witnesses in this case who are scattered throughout the country.  For the reasons detailed in this entry, we GRANT Defendant's Motion to Transfer Venue.

## Factual Background

This action arises out of a motor vehicle accident that occurred on November 12, 2006, on Interstate 80 in Albany County, Wyoming.  One vehicle was operated by Plaintiff, Ms. Hunter, who is a Canadian citizen and resident.  The other vehicle involved in the accident was operated by Steve Durant, a New York resident, on behalf of his employer, Defendant, Big Rock.

Big Rock's principal place of business is located in Peru, Indiana, which is in turn located within the Northern District of Indiana.  Howlett Aff. ¶ 3.  Its registered agent is located in Indianapolis, Indiana, in the Southern District of Indiana.  Id. ¶ 4.  While it appears that each of Big Rock's principals maintain Indiana addresses, they all actually reside in the State of Maine, where Big Rock's main headquarters are also located.  Id. ¶ 5.

The only other eye witness (besides Ms. Hunter and Mr. Durant) is Lindsey Van Ohlsen, who resides in New York.  A majority of the remaining potential witnesses, including the investigating officers, paramedics, and the coroner, reside in Wyoming, where the accident occurred.

## Legal Analysis

**I.      Standard of Review**

The purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and

expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge F.B.L.-585, 364 U.S. 19, 26, 27 (1960)). It provides that "for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, "transfer is appropriate under § 1404(a) where the moving party establishes that (1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." State Farm Mutual Auto. Ins. Co. v. Estate of Bussell, 939 F. Supp. 646, 651 (S.D. Ind. 1996) (Barker, J.). The trial judge has wide discretion to weigh the factors for and against transfer when making this determination. Id.

**II.     Discussion**

The parties agree that venue is proper for adjudication of this action in any of the proposed forums – the Northern District of Indiana, the Southern District of Indiana, and the District of Wyoming. Thus, the only issue before us is whether a transfer of venue would be more convenient for the parties and the witnesses and whether a transfer comports with the interest of justice under § 1404(a). Under the Seventh Circuit's well-established guidelines, Big Rock has the burden to prove that either the District of Wyoming or the Northern District of Indiana is not just more convenient, but "*clearly more convenient*" than the Southern District of Indiana. Coffey v. Van Dorn Iron Works,

796 F.2d 217, 220 (7th Cir. 1986) (emphasis added).  As mentioned above, when making this determination, we consider the convenience of the parties, the convenience of the witnesses, and the interest of justice in light of all the circumstances of the case.  Here, we conclude that, overall, the district court in Wyoming is the more convenient forum and that such a transfer comports with the interest of justice.

      **A.**    **Convenience of the Parties**

Ms. Hunter as Plaintiff chose the Southern District of Indiana to litigate this action.  Generally, the plaintiff's choice of forum is entitled to substantial deference.  <u>Chicago, R.I. & P.R. Co. v. Igoe</u>, 220 F.2d 299, 304 (7th Cir. 1955); <u>Lawrence v. Swift Transp. Co., Inc.</u>, 2007 WL 3334788, at *2 (S.D. Ind. Nov. 8, 2007) (Tinder, J.).  However, such deference is not given when, as here, the chosen venue is not the plaintiff's home forum and has no connection to the underlying cause of action.  <u>Lawrence</u>, 2007 WL 3334788, at *2; <u>Volkswagen Aktiengesellschaft v. West Coast Metric, Inc.</u>, 2004 WL 392942, at *3 (S.D. Ind. Feb. 12, 2004) (Hamilton, J.).  As we have previously noted, Ms. Hunter does not reside in the Southern District of Indiana.  Additionally, all of the relevant events at issue in this litigation occurred in Wyoming.

Although Big Rock's registered agent is located in Indianapolis, Indiana, Big Rock has no other relevant connection to the Southern District of Indiana.  While its principal place of business is located in Peru, Indiana, in the Northern District of Indiana, Big Rock's primary business headquarters are located in the State of Maine, which is also

where its individual corporate officers reside. Thus, regardless of whether this action remains in the Southern District of Indiana or is adjudicated in one of the possible transferee districts, all the parties will be required to travel a considerable distance to attend court sessions. Since no convincing case has been made that traveling to one forum over another would be significantly more inconvenient to either party, we conclude that the convenience of the parties factor is a wash.

### B. Convenience of the Witnesses

The second factor, which is closely related to the first, is the convenience to the witnesses – primarily the non-party witnesses. Often this consideration is the most important factor in deciding whether to transfer venue. Lawrence, 2007 WL 3334788, at *3; Volkswagen Aktiengesellschaft v. Dee Engineering, Inc., 2003 WL 1089515, at *3 (S.D. Ind. Mar. 4, 2003) (McKinney, C.J.) (internal citations omitted). Convenience considerations include, *inter alia*, the number of witnesses involved, travel distances and associated costs for these witnesses, the willingness of the witnesses to appear, or whether the witness is within the court's reach to compel appearance. Lawrence, 2007 WL 3334788, at *3 (citing Hanley v. Omarc, Inc., 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998)).

As noted above, none of the party witnesses resides in Indiana. Ms. Hunter's current residence is Milton, Ontario, Canada, near Toronto. Big Rock's corporate officers reside in Maine. Mr. Durant resides in New York. Ms. Van Ohlsen, who has been identified by both parties as a key witness and is the only other eye witness to the

accident, also resides in New York.  Thus, all of these witnesses would have to undertake the inconvenience of travel and incur travel expenses regardless of which forum is chosen.  Although Wyoming is further from each of their respective residences than is Indiana, any increased inconvenience to these witnesses is greatly outweighed by the inconvenience the remaining potential material witnesses would face, if the litigation remains in Indiana.

Twelve of the remaining potential witnesses reside in Wyoming, including the investigating officers, paramedics who responded to the scene, and the coroner.  Big Rock contends that the events surrounding the accident in Wyoming are the most important to the case, and that the residences of the witnesses relevant to those events make Wyoming the clearly more convenient forum.  Ms. Hunter rejoins that only three of the Wyoming-based witnesses are likely to be called at trial and that the materiality of the testimony of those witnesses is extremely limited in value.  However, we are unable to accept that representation at this early point in the litigation.

Because discovery in this matter has only recently begun, the precise scope of the witnesses' testimony remains unsettled.  Similarly, we do not know the number of potential witnesses who will actually be called to testify at trial.  However, in its briefings, Big Rock has presented a convincing argument that the Wyoming-based witnesses will provide integral testimony.  Although they did not witness the motor vehicle accident, they were all directly involved in the events that occurred immediately after the accident occurred.  Four of these potential witnesses are officers from the

Wyoming Highway Patrol, who investigated the motor vehicle accident that is the subject of this litigation. Two other of these potential witnesses are paramedics from the Laramie Fire Department, who responded to the scene of the accident and pronounced the decedent's death. Additionally, Big Rock indicates that it anticipates that the testimony of the then-current Deputy Coroner for the Albany County Coroner's Office in Laramie, Wyoming, who examined the decedent's body, will be crucial testimony, given that the exact cause of death is in dispute.

In short, no trial witness who has been identified by either party in this matter resides in the Southern District of Indiana. Additionally, the number of potential witnesses residing in Wyoming dwarfs the number of witnesses located outside of Wyoming, and it appears that the testimony of those witnesses will be both relevant and indispensable. Thus, after considering the anticipated substance and nature of the testimony, as well as the sheer number of witnesses who reside in Wyoming, we conclude that the convenience of the witnesses clearly favors Big Rock's position regarding proper venue.

      **C.**     **Interest of Justice**

Finally, we address whether a transfer of this case would comport with the interest of justice. This consideration typically includes a discussion of "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." Heller Financial, Inc. v. Midwhey Powder

7

Co., 883 F.2d 1286, 1293 (7th Cir. 1989) (citing Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986)).  In other words, this factor involves the "efficient functioning of the courts."  Coffey, 796 F.2d at 221.

In the case at bar, as we have previously noted, all of the relevant events took place in Wyoming, the situs of the injury.  Indiana residents have no connection to an accident occurring in Wyoming.  Because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation," Chicago, R.I., 220 F.2d at 304 n.4, it would be more appropriate for Wyoming citizens, rather than citizens of Indiana to bear the burden of jury duty in this case.

Additionally, there appears to be a conflict between the laws of Indiana and Wyoming significant enough to affect the outcome of the litigation.  Indiana's choice of law rules dictate that Wyoming substantive law would govern here because the accident took place in Wyoming.  See Simon v. U.S., 805 N.E.2d 798, 805-806 (Ind. 2004).  Although this court is competent to apply Wyoming law, the federal district court in Wyoming would certainly be more familiar with Wyoming law than a court sitting elsewhere.  See Bousis v. Marriott Int'l, Inc., 47 F. Supp. 2d 1004, 1007 (N.D. Ill. 1999).  In light of these considerations, we find that the interest of justice factor also weighs in favor of transferring this case to the District of Wyoming for final resolution.

### III.  Conclusion

For the reasons detailed above, the interests of justice as well as the overall

convenience to the parties and witnesses dictate that this matter be transferred to the United States District Court for the District of Wyoming. Accordingly, we GRANT Big Rock's Motion to Transfer Venue. The Clerk of this Court is directed to transfer forthwith this matter to the docket of the United States District Court for the District of Wyoming.

     IT IS SO ORDERED.

Date:   05/02/2008

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Robert Ballard Clemens
BOSE MCKINNEY & EVANS, LLP
rclemens@boselaw.com

Steven D. Groth
BOSE MCKINNEY & EVANS
sgroth@boselaw.com

David K. Lietz
THE LIETZ LAW FIRM
dlietz@lietzlaw.com

Joseph P. Maguire
NORRIS CHOPLIN & SCHROEDER LLP
jmaguire@ncs-law.com

Nelson A. Nettles
NORRIS CHOPLIN & SCHROEDER  LLP
nnettles@ncs-law.com

Michael Eugene Simmons
HUME SMITH GEDDES GREEN & SIMMONS
msimmons@humesmith.com

Ronald E. Triggs
LAW OFFICES OF RONALD E. TRIGGS, PC.
loretpc@juno.com

Laura Elizabeth Trulock
HUME SMITH GEDDES GREEN & SIMMONS
ltrulock@humesmith.com